# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 03-00058-003 |
| | ) | CIVIL CASE NO. 07-00025 |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| OK PARK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the court regarding a case filed on June 18, 2003. The Defendant, Ok Park, was convicted of Conspiracy to Traffic in Counterfeit Merchandise on July 30, 2004, and was sentenced to a term of six and one half months incarceration to be followed by a term of supervised release of two years on December 8, 2004 . Rather than self-surrendering to the custody of the U.S. Marshals at that time, the Defendant was to remain released pending notification of a designated facility by the Bureau of Prisons ("BoP"). On December 8, 2004, the Defendant filed a Notice of Appeal to the Ninth Circuit. On January 5, 2005, Defendant's Counsel issued a letter to the United States Marshals Service stating that his client would not self-surrender to the BoP until the Ninth Circuit issued a verdict on her appeal, pursuant to Ninth Circuit Rule 9-1.2(e). The Assistant U.S. Attorney also wrote to the U.S. Marshals' Office stating that he agreed with Mr. Gavras' interpretation of the Ninth Circuit Rule, and that the Defendant did not need to self-surrender until

after a decision was reached in her appeal. On February 9, 2005 the BoP designated a facility for the Defendant's incarceration. However, the Defendant did not surrender, as she was awaiting a decision from the Ninth Circuit. (See Docket No. 262). The Ninth Circuit affirmed the conviction on January 6, 2006.

At that time, neither the U.S. Marshals' Office nor the BoP made any effort to bring the Defendant into custody to begin serving her sentence. She received no new notification to report or a new designation of facility from the BoP. The U.S. Marshals' Office finally issued a warrant ordering the Defendant to self-surrender on August 30, 2007. At that time, defense counsel requested an emergency hearing before the court to determine whether the Defendant needed to report to the BoP considering so much time had passed between her appeal and the issuance of the warrant.

The present issue before the court was whether the Defendant should receive "time at liberty" for the 30 months she spent reporting to Probation, while waiting for BoP designation under a §2255 Motion. The Ninth Circuit held in <u>Martinez</u> that "under the doctrine of credit for time at liberty, a convicted person is entitled to credit against his sentence for the time he was erroneously at liberty provided there is a showing of simple or mere negligence on behalf of the government and provided the dely in execution of the sentence was through no fault of his own." <u>United States v. Martinez</u> 837 F.2d 861, 865 (9th Cir. 1988). The United States freely admitted the Government's negligence in the case, stating that "unquestionably, the government was negligent in this case...." (See Docket No. 262).

After considering the length of time between the verdict and the issuance of the warrant, the Defendant's continued compliance with the strict terms of the U.S. Probation Office during her release, and the admitted negligence on the part of the Government, the United States recommended to the court that the Defendant be sentenced to time served. The court agrees with the United States. The

court orders that the Defendant does not have to serve any part of her original six and one half month sentence, that she does not have to serve the term of supervised release, and that her case is hereby closed nunc pro tunc to October 31, 2007.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Jul 17, 2008**